### CONABLE *v.* KEENEY.

*(Supreme Court, General Term, Fifth Department.　October 23, 1891.)*

1. ALTERATION OF NOTE—ESTOPPEL TO ASSERT.
　　Where the indorser of a promissory note agrees in writing with the maker and a *bona fide* holder for value that the maker of the note shall be discharged from all liability on payment of a certain sum, without affecting the indorser's liability, he is estopped, as against such *bona fide* holder, to insist that he is discharged by reason of a material alteration of the note made after the indorsement, where the agreement to release the maker contained a copy of the note with the alleged alteration.

2. SAME—BURDEN OF PROOF.
　　The burden of proving that a note sued on has been altered is on defendant.

Appeal from circuit court, Wyoming county.

Action by Benjamin D. Conable against Mattison Keeney and others. From a judgment entered on a verdict for plaintiff, defendant Keeney appeals.　Affirmed.

Argued before DWIGHT, P. J., and MACOMBER and LEWIS, JJ.

*Augustus Harrington,* for appellant.　*Byron Healy,* for respondent.

· LEWIS, J.　The action was brought to recover upon a promissory note of ` $2,000 made by Henry Garretsee, payable to the order of Norris Gay, and indorsed by the payee and the defendant Mattison Keeney.　The answers of the defendants were a general denial of the complaint; that the defendants were accommodation indorsers; and that after the making, indorsing, and delivery ·of the note it was, without the defendants' consent, altered by enlarging the · ·time of its payment, and by adding thereto the words, "with interest after the first day of March next."　At the close of the evidence the complaint as to the defendant Gay was dismissed.　The plaintiff proved the making of the note, its indorsement by the defendants, the transfer of the same to him before maturity for a valuable consideration, and the protest thereof, and read ·the note in evidence.　The defendant Keeney made no objection to its being · read in evidence, and made no claim that the alterations complained of were ··such upon the face of the note as to excite attention or suspicion.　The de- · ·fendants thereupon introduced evidence tending to show that at the time they indorsed the note the time of the payment of the note was left blank, and · that the interest clause was not then in the note.　The evidence thus intro- ·duced consisted of the testimony of the defendants Keeney and Gay, and the · testimony of a witness who had been a druggist, and claimed to be acquainted · with the composition and properties of ink.　He testified that, in his opinion, ·the words, "with interest after the first day of March next," were written in ·different ink from the balance of the note.　He was allowed and testified that ·the letter "y" in the word "day" in the interest sentence overlapped the letter "g" in the maker's name, and, in his opinion, was written after the signature of the maker.　At the close of the defendants' evidence, the plaintiff ·testified that there had been no alteration or changes made in the note since

the purchase of the same by him; that he showed it to the defendant Keeney about the time it became due; that Keeney examined it, admitted his indorsement, and made no claim that the note had been altered. He gave further evidence tending to show that the words, "with interest after the first day of March next," were in the handwriting of the maker of the note. He read in evidence an agreement executed by the defendants after the note came due, consenting that the plaintiff accept from the maker 25 cents on the dollar of the amount of the note, and release him from liability upon the note. The agreement contained a clause that the release of the maker should not in any sense affect or modify the liability of the indorsers to the owner of the note, and should not modify or impair their liability upon the note. Upon the delivery of the agreement the plaintiff accepted the 25 per cent. upon the note from the maker, and released him from all liability thereon. There was embodied in the agreement what purported to be a true copy of the note, interest clause included. No question was raised by the defendants as to its correctness. This was an important item of evidence against the defendants. This appeal being only from the judgment, and no motion for a new trial having been made, nothing but the exceptions were brought up for review. The plaintiff made a *prima facie* case against the defendant Keeney. The claim that the note had been materially altered was for the defendants to establish. Gay being a party to the action at the time he gave his testimony, the question of his credibility and that of Keeney was for the jury.

The plaintiff contends that the agreement estops the defendant from questioning the note. He had presented to him in the agreement what purported to be a correct copy of the note; the interest clause was concededly in the handwriting of the maker. He allowed the plaintiff to release the maker upon his paying 25 per cent. of the note, without disclosing to him that an alteration had been made which released him as indorser. Having kept silent, it may well be held he is now estopped from making the claim, notwithstanding the clause in the agreement that it shall not be construed to deprive him of any valid defense which he had before making the agreement. It was a question for the jury on the evidence whether the defendants established the defense of the alteration of the note, and their verdict on that question cannot be reviewed here.

The appellant contends that the judgment should be reversed for errors in the charge of the judge, and claims, first, that it was error to charge that it was incumbent upon the defendant Keeney to satisfy the jury that the note was altered as alleged. We have examined the charge, and fail to find that any material error was committed. It seems to have been fully and fairly presented to the jury. The court charged the jury, if they were satisfied of the facts shown by the plaintiff, he was entitled to a verdict against the defendants, unless the defense interposed by the defendant Keeney was made out to their satisfaction. The defendants contend that the burden of proof was upon the plaintiff to establish that the note had not been altered as alleged by the defendants. We do not so understand the rule. The alteration of the note was an affirmative defense, and was to be established by the defendants.

The appellant specially calls attention to the refusal of the judge to charge the request of the defendants that "the plaintiff is here seeking to recover upon the indorsed instrument, which he produces. Now, it is incumbent upon him, under all the evidence in the case, to satisfy the jury that the defendants indorsed that instrument as it now is, so far as the question of execution is concerned;" and the court declined to so charge. The trial justice had substantially charged that proposition in the body of his charge, and had fully and correctly instructed the jury as to the burden of proof. The defendants' counsel, as is not unusual, presented many requests to charge, which were substantially alike. The one refused was, in effect, the same as was

afterwards, at defendants' request, charged by the court, and we are not able to see that the jury could have been misled by the refusal of the court to make the charge complained of.   Other questions raised by the appellant have been examined, and we fail to discover any reason for a reversal of the judgment.   The judgment should be affirmed, with costs.   All concur.